### BYERLY v. SUN CO.

(District Court, E. D. Pennsylvania. September 18, 1916.)

No. 201 Oct. Sess., 1908.

EQUITY ☜394—MASTERS—COMPENSATION.
 The compensation allowed a master by a district court under Equity Rule 68 (198 Fed. xxxviii, 115 C. C. A. xxxviii) must be fixed under the rules applicable to costs, to be measured by the time employed "having regard to all the circumstances" of the case.
 [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 857-859; Dec. Dig. ☜394.]

In Equity. Suit by Francis A. Byerly, executor, etc., against the Sun Company. On motion for order fixing compensation of master. See, also, 226 Fed. 759.

Francis S. McIlhenny, of Philadelphia, Pa., for objector.

DICKINSON, District Judge. The services actually rendered by the master in this case, viewed from the standpoint of their value, were such as would command the highest rate of compensation had they been rendered as professional services. Such admeasurement, however, could be made only by the parties themselves. We have clung to the hope that the compensation of the master in this case would be fixed by agreement. It is apparent that this will not be done. The compensation must therefore be fixed by the court by virtue of the directions of Rule 68 (198 Fed. xxxviii, 115 C. C. A. xxxviii). In so fixing it, we are fixing costs and must be governed by some rule of compensation which applies to other items of costs. The reasons for this are obvious. The only rule of measurement with which we are by analogy supplied is that of the time employed. This is the rule applied by all rules of court and statutes fixing like compensation. This is because of necessity. As a rule of general application, as all true rules are, it is the best to be had, if not always satisfactory. The further attempt which is sometimes written into rules and statutes to fix a common rate of compensation for services of an entirely different character is the feature which often results in what is recognized

---

as grossly excessive or inadequate compensation. Rule 68 avoids this by permitting of a time measurement based upon a rate of compensation fixed in the language of the rule in view of "all the circumstances of the case."

Adopting and adhering to the rule of compensation suggested, we have, as accurately as the record of the case enables us to do, found the time employed by the master in the performance of his duties, and, allowing as large a per diem rate as would be just, and having regard to the circumstance that a part of the inquiries of the master involved him in expense, the compensation of the master (including this expense) is fixed at $6,000, charged upon and to be borne by the defendant. Viewed from the standpoint of costs to be paid by the unsuccessful party and taxed by what the record discloses was the time consumed, this is the compensation which Rule 68 contemplates. It is by no means intended to measure the value of the work which the master put into this case. The duration and intensity of effort put into such work and the value of the service rendered is one thing. It varies often in accordance with the experience and training of the servitor and the facility with which he performs his task. The taxation of the compensation as costs to be paid by a litigant is another thing. This must be based upon a rule of general application. The one indicated, is the only one with which we have been provided.